IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSE GUTIERREZ,

    Petitioner,

v.                                                     Civ. 15-611 KG/SCY

TIMOTHY HATCH, Warden,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Petitioner's *pro se* motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). I find that Petitioner's claims are time-barred and I therefore recommend dismissing the Petition with prejudice.

**I.    BACKGROUND**

On November 13, 2006, Petitioner Jose Gutierrez was convicted of voluntary manslaughter, aggravated assault, aggravated stalking, aggravated burglary, and two counts of aggravated battery. (ECF No. 7, Ex. H). Pursuant to the jury's verdict, Judge Stephen Pfeffer of the First Judicial District Court of New Mexico ("State District Court") sentenced Petitioner to thirty years incarceration. (ECF No. 7, Ex H). Petitioner appealed his convictions to the New Mexico Court of Appeals, which on June 6, 2011, affirmed Petitioner's convictions. (ECF. No. 7, Ex. Q). The New Mexico Supreme Court subsequently denied Petitioner's petition for writ of certiorari on August 1, 2011, thus concluding direct appellate avenues of review for Petitioner's convictions. (ECF No. 7, Exs. S and T).

On April 24, 2015, Petitioner filed a *pro se* a document in State District Court captioned: Motion for New Trial; Motion for Relief to Vacate, Set Aside, or Correct Sentence and

1

Judgment. (ECF. No. 7, Ex. U). The State District Court construed this document as a habeas corpus petition and appointed counsel. (ECF No. 7, Ex. V). The current status of Petitioner's state-court habeas petition is unclear from the record.

On July 10, 2015, Petitioner filed the instant Petition. (ECF No. 1).

## II.     PETITIONER'S CLAIMS

Petitioner raises the following grounds for relief in the instant Petition:

1. Ineffective assistance of counsel by his trial counsel. (ECF No. 1 at 14).
2. Ineffective assistance of counsel by his appellate counsel. (ECF No. 1 at 24).

## III.    ANALYSIS

Respondent argues that this Petition should be dismissed because Petitioner has not exhausted his available state-court remedies and because the Petition is time-barred and not tolled by any applicable doctrine. (ECF No. 7 at 1). Because Respondent waives its exhaustion argument, (ECF No. 7 at 4), I will only address Respondent's argument regarding the timeliness of the Petition.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for filing a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1); *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). The limitation period begins running from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner does not allege facts implicating Subsections (B) through (D). Accordingly, I recommend calculating the date that the statute of limitations began to run pursuant to Subsection (A).

Under Subsection (A), "a petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until—following a decision by the state court of last resort—after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed." *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (internal quotation marks and citation omitted); s*ee also Habteselassie v. Novak*, 209 F.3d 1208, 1209 (10th Cir. 2000) ("Because [the petitioner] did not file a petition for certiorari to the United States Supreme Court, the one-year period of limitation started to run ninety days after…the date the [state court of last resort] denied his petition for certiorari and his state court review was thus completed."). Thus, the statute of limitations began to run in this case ninety days after the New Mexico Supreme Court denied the petition for a writ of certiorari on August 1, 2011, which was October 30, 2011. (ECF No. 7, Ex. S). Therefore, Petitioner's timeframe to file the Petition expired on October 30, 2012. Because Petitioner filed his federal habeas petition on July 10, 2015, the Petition must be considered time-barred absent statutory or equitable tolling.

### A. Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation[.]" Although Petitioner is also currently pursuing collateral review in state court, he is not entitled to statutory tolling because his petition in state court was filed two and a half years after the statute of limitations had run. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations"); *Sigala v. Bravo*, 656 F.3d 1125, 1127 (10th Cir. 2011) ("[B]ecause [the petitioner] did not file his state habeas petition until…more than two years after the limitation period ended, it cannot serve as the basis for tolling under § 2244(d)(2)."). Accordingly, because the state court petition was itself untimely, I recommend concluding that it does not act to toll the statute of limitations in regard to the present Petition.

### B. Equitable Tolling

A petitioner is entitled to equitable tolling if he can demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance" impeded his ability to file a timely petition. *Pace*, 544 U.S. at 418. This burden is a heavy one. "[E]quitable tolling is appropriate only in rare and exceptional circumstances…a garden variety claim of excusable neglect is not enough." *Sigala*, 656 F.3d at 1128 (internal quotation marks and citations omitted). Petitioner alleges no circumstances demonstrating his diligence in pursuing his rights. Further, he makes no showing of any extraordinary circumstances that would have prevented him from filing the Petition in a timely manner. I can therefore find no basis for equitably tolling Petitioner's statute of limitations.

**IV. CONCLUSION**

For the forgoing reasons, I have found that all of Petitioner's grounds for relief are time-barred and should be dismissed with prejudice.

/s/ Steven C. Yarbrough
UNITED STATES MAGISTRATE JUDGE

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**